### David H. Roblin, Defendant in Error, v. Athenaeum Business College, Plaintiff in Error.

### Gen. No. 16,647.

BILLS AND NOTES—*when indorsement in corporate name is not that of corporation.* A business college not incorporated occupied certain rooms and its business was taken over by a corporation which executed a promissory note, payment being guarantied by an indorsement in the name of the college, by its president, who was the president of the corporation. Subsequently a corporation in the name of the college was formed, but its business address was different and it was in no way connected with the old college or the corporation executing the note. There was no evidence that the president indorsing the note was authorized to act, that he was the president, that the indorsement was written with the knowledge or acquiescence of the incorporated college or its officers or stockholders, or that the corporate college received any of the proceeds. *Held,* the indorsement was not that of the incorporated business college and it was not liable on the note.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed with finding of fact. Opinion filed December 11, 1912. Rehearing denied December 26, 1912.

DANIEL W. SCANLAN, for plaintiff in error; CHARLES S. FRANK and DON P. PENNYWITT, of counsel.

L. L. SMITH, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

This suit was begun to recover on two promissory notes for the total amount of $1,000, signed "Illinois College of Commerce, Samuel B. Willey, Supt.," and endorsed "The payment of the within note according to its terms is hereby guaranteed. Athenaeum Business College, By Samuel B. Willey, President." One of these notes was dated June 21, 1909, and the other was dated June 25, 1909. The Athenaeum Business College, a corporation, The Illinois College of Commerce, a corporation, and Samuel B. Willey, Charles A. Brillow, Frank F. Robinson, James W. Howell, James H. Tymeson and George H. Haberer individually and as partners, doing business as Athenaeum Business College, and Rev. Frank C. Bruner, were all made parties defendant and were each in court either by service of summons or by appearance or both. The case was dismissed as to all of the defendants, except the Athenaeum Business College and the Illinois College of Commerce, and judgment was rendered against those two defendants for $1,039. To reverse this judgment the Athenaeum Business College alone prosecutes this writ of error.

The contention of plaintiff in error is that the evidence fails entirely to show any liability on its part, while defendant in error insists that the evidence fairly tends to show that plaintiff in error was a *de facto* corporation, and as such guaranteed the notes in question; that a *de facto* corporation has the right and power to make contracts and that when such an existence is shown suits will lie against such associations, as corporations, to enforce their contracts. Assuming the contention of defendant in error as to the law to be correct, his right to recover is not thereby established. The only way in which plaintiff in error can be held liable is on the contract of endorsement. By its appropriate plea it denied that the endorsement

on the note was made by it or by any of its officers or agents.  The evidence discloses that at one time a business college, known as the Athenaeum Business College, was conducted at 26 Van Buren Street, Chicago.  Subsequently, a corporation was formed under the corporate name of the Illinois College of Commerce.  Whether this corporation was formed or controlled by the owners of the Athenaeum Business College, the record does not disclose, but however that may be, after the Illinois College of Commerce became incorporated, it conducted a business college in the rooms formerly used by the Athenaeum Business College and under that name, and advertised that, by that name, it had been established thirty-eight years and that it had kept pace with the growth, progress and enterprise of the city in its various lines of activity in behalf of young people and had 40,000 graduates.  These facts were known to defendants in error.  One Samuel B. Willey was the active head of the Illinois College of Commerce.  He testified that he was the president of that corporation, although he signed his name as "Supt."  Who, if anyone besides Willey, owned any stock in the Illinois College of Commerce, or was in any business way interested therein the record does not disclose.

On November 25, 1908, a license to open books for subscription for capital stock in a corporation to be known as "Athenaeum Business College" was issued by the Secretary of State to Charles A. Brillow, Robert F. Robinson and James W. Howell, as commissioners.  A certificate of complete organization of the "Athenaeum Business College" was issued August 6, 1909, by the Secretary of State and plaintiff in error then first came into existence.  The report of the commissioners, on which this certificate was issued, shows that the capital stock was subscribed for by John H. Tymeson, Charles A. Brillow, George Haberer and James W. Howell, and that at a meeting held in Room

512, 131 LaSalle street, Chicago, on August 3, 1909, Tymeson, Howell and Brillow were elected directors, and that the post office address and business address of the corporation was at Room 512, 131 LaSalle street, Chicago. None of the persons commissioned to incorporate plaintiff in error, or the directors of this new corporation, or the subscribers for its stock, had ever been in any way connected with the Illinois College of Commerce, or the original Athenaeum Business College, in whose name the Illinois College of Commerce was doing business. Neither had Willey been in any way connected with or instrumental in securing the incorporation of plaintiff in error, so far as is disclosed by the evidence in this record. Prior to the incorporation of plaintiff in error and in fact prior to July 1, 1909, and while the Illinois College of Commerce was advertising and conducting a business school or college in the name of the old Athenaeum Business College, Willey borrowed of defendant in error various sums of money, aggregating $1,000, which loans were evidenced by the two promissory notes sued on. There is no evidence in this record that Willey by this endorsement undertook to bind plaintiff in error, or that he had any authority to bind it, or that he ever was its president or acted as such, or that the endorsement was written by him with the knowledge, authority or acquiescence of plaintiff in error or any of its officers or stockholders, or that any of the money for which the notes were given ever came into the hands of plaintiff in error or was used in any way by it or for its benefit, or that at the time Willey made the endorsement either he or defendant in error had plaintiff in error in mind, or that plaintiff in error then had or pretended to have an existence either *de jure* or *de facto*. On the contrary, the evidence fairly tends to show that by the use of the name Athenaeum Business College Willey meant and was understood by defendant in error to mean the old business college by that name that had formerly occupied the rooms

then occupied by the Illinois College of Commerce and whose business the Illinois College of Commerce had taken over. The name of which old Athenaeum Business College, as well as the record of its accomplishments and numerous graduates, Willey, with the knowledge of defendant in error, had extensively used as an advertising attraction for the Illinois College of Commerce.

The proof failing to establish the fact that the endorsement was that of the plaintiff in error, the judgment is not sustained by the evidence, and is, therefore, reversed with a finding of fact to be incorporated in the judgment of this court.

*Reversed with finding of fact.*

Finding of Fact: We find as an ultimate fact that the endorsement on the notes sued on was not the endorsement of plaintiff in error or of any of its agents or of its officers *de facto* or *de jure*.